YALOBUSHA COUNTY *v.* DAVIS.*

(Division B.   Oct. 3, 1927.)

[114 So. 34.   No. 26452.]

COSTS. *Trial court did not abuse discretion in taxing costs of condemnation proceedings against county, though recovery was less than damages allowed (Hemingway's Code, 1927, sections 676, 688).*

Trial court *held* not to have abused discretion under Code 1906, section 964 (Hemingway's Code 1927, section 688), in taxing cost

of condemnation proceedings against county, though trial result-
ed in a judgment for less than damages allowed by board of
supervisors, notwithstanding that under section 952 (Heming-
way's Code 1927, section 676) costs, as a matter of course, go
against unsuccessful party, since trial court may have been of
the opinion that, notwithstanding the verdict, defendant had
probable grounds to expect to recover more than judgment of
board of supervisors.

*Corpus Juris-Cyc. Reference: Costs, 15CJ, p. 26, n. 69; Eminent
Domain, 20CJ, p. 1141, n. 7; p. 1142, n. 8.

APPEAL from circuit court of First District, Yalobusha
county.

HON. GREEK L. RICE, Judge.

Condemnation proceedings by Yalobusha county
against J. W. Davis. From the judgment on a motion to
tax defendant with costs, the county appeals. Affirmed.

*Stone & Stone,* for appellant.

The only point in this case is whether or not the county
of Yalobusha should be taxed with the full costs when
the appeal of Davis from the board of supervisors' ac-
tion in allowing him four hundred and twenty-five dol-
lars for his land was unsuccessful; that is, he recovered
and received at the hands of a circuit court jury only
the sum of four hundred and twenty-five dollars.

There was no justification for the act of the circuit
judge in taxing the county with full costs. This matter
of costs is covered by sections 676 and 688, Hemingway's
Code of 1927. Taxing of the full costs on the county can
be justified only under the final clause of section 688;
that is, the circuit court may, when the circumstances
of the case justify it, tax the costs to meet the ends of
justice.

There is no recitation of facts or circumstances consti-
tuting a justification of this unusual taxing of costs
against the county, no statement that in the belief of
the court Davis had reason to believe that he could or

should advance his judgment or anything of the sort, but simply the naked statement of the court in overruling the motion to retax the costs, that the court held that this was a case where the costs should follow the judgment. If this judgment is to stand, then litigants would not have the benefit of any statute as to costs; but they are at the mercy of every circuit judge and chancellor in the state, who can, without giving any reasons therefor or without putting anything down that is subject to review, proceed to ignore the law as to the taxing of costs, without any power in the hand of the sufferer to get relief.

*Kimmons & Boswell,* for appellee.

The only complaint of appellant is that it was taxed with the costs of the case. Section 964, Code of 1906 (section 673, Hemingway's Code of 1917) provides ". . . but the circuit court may, when the circumstances of the case justify it, tax the costs to meet the ends of justice." This proviso is found in the section relating to the taxation of costs on appeals from the board of supervisors.

There is no bill of exceptions and the record is silent as to the circumstances of the case. Therefore this court is utterly in the dark as to the "circumstances of the case." In *Bernheim* v. *State,* 28 So. 28, it was held that the discretion given by the statute to the trial court in the matter of taxation of costs will not be interfered with. See, also, *Bernheim Bros. & Uri* v. *Brogan,* 66 Miss. 184 at 187; *Wilson* v. *Brown,* 94 Miss. 608; *Fleming* v. *State,* 60 Miss. 434.

The burden is on appellant to show that the court erred, and in the absence of the facts this court will presume that the action of the circuit court is correct and affirm the case.

ANDERSON, J., delivered the opinion of the court.

This is an appeal from the circuit court of Yalobusha county, by that county, from a judgment taxing the county with the costs of this cause; the only question in the case being whether or not the judgment of the circuit court taxing the county with the costs is erroneous.

The county condemned some of the land of appellee for a public road. Under the statute, the board of supervisors allowed him damages in the sum of four hundred twenty-five dollars. He was dissatisfied with that judgment and appealed therefrom to the circuit court, where there was a trial resulting in a verdict and judgment for only four hundred dollars. Thereupon the county, proceeding on the theory that appellee should be taxed with the costs of the circuit court because he had recovered less in that court than the amount of the judgment appealed from, made a motion to tax appellee with the costs of the circuit court. It is from that judgment that this appeal is prosecuted by the county.

Under section 952, Code 1906 (Hemingway's Code 1927, section 676), the costs of a cause go, as a matter of course, against the unsuccessful party. This statute provides:

"In all civil actions, the party in whose favor judgment shall be given, and in case of nonsuit, dismission, or discontinuance, the defendant shall be entitled to full costs, except when it may be otherwise directed by law; and the law of costs shall not be interpreted as penal."

Section 964, Code 1906 (Hemingway's Code 1927, section 688), provides as follows:

"In all cases of *certiorari* upon the judgment of any inferior court or tribunal, and in cases of appeal from the judgment of a board of supervisors, of a court of unlawful entry and detainer, of any municipal board or court, the successful party shall be entered to recover full costs; but the circuit court may, when the circumstances of the case justify it, tax the costs to meet the ends of justice."

Clearly, under the latter statute, the trial court had the authority, if in its discretion it thought that it ought to be done, to tax appellee with either the whole or a part of the costs incurred in his cause in the circuit court. The court, in the exercise of that discretion, declined to tax appellee with any part of the costs of the circuit court. This court will not overturn such a judgment unless there is a manifest abuse of that discretion on the part of the trial court. We cannot say from the record in this case that there has been such an abuse or discretion. The trial court may have been of the opinion, after hearing the case, that notwithstanding the verdict of the jury in the circuit court appellee had probable grounds to expect to recover more than the amount of the judgment of the board of supervisors appealed from, and that therefore the ends of justice would be met by permitting the costs to go against the county under the first statute above. *Bernheim et al.* v. *State* (Miss.), 28 So. 28.

*Affirmed.*